**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| |
|---|
| THE UNITED STATES OF AMERICA for the use and benefit of STANDARD WATERPROOFING, INC., and STANDARD WATERPROOFING, INC., <br><br>      Plaintiffs, <br><br> v. <br><br> WILLIAMS BUILDING COMPANY, INC., and FRANKENMUTH INSURANCE COMPANY, <br><br>      Defendants. |

Case No. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL**

NOW COME the United States of America, for the use and benefit of Standard Waterproofing, Inc., and Standard Waterproofing, Inc. ("**SWI**"), and file their Complaint against Defendants Williams Building Company, Inc. ("**Williams**") and Frankenmuth Insurance Company ("**Frankenmuth**") (collectively, "**Defendants**"), respectfully showing the Court as follows:

**PRELIMINARY STATEMENT**

1. This is a Miller Act payment bond and breach of contract action arising out of SWI's furnishing of labor and materials for the waterproofing and dampproofing scope of work on the VA Togus Specialty Care Addition project at the United States Department of Veterans Affairs facility in Augusta, Maine, pursuant to a subcontract with Williams, the prime contractor. SWI is owed the principal amount of $135,742.00 under a payment bond for labor and materials furnished within the one-year period preceding this action, plus an additional $25,164.60 in unpaid

1

retainage recoverable from Williams, together with interest, litigation expenses, prompt-payment penalties, and reasonable attorneys' fees. SWI asserts a Miller Act payment bond claim against Williams and Frankenmuth, and claims for breach of contract, unjust enrichment, quantum meruit, and under the Maine Prompt Payment Act against Williams.

## PARTIES

2.      Plaintiff SWI is a Maine corporation with a principal place of business located at 1020 Augusta Road, Winslow, Maine 04901.

3.      Defendant Williams is a Massachusetts corporation with its principal offices located at 259A North Street, Suite 2, Hyannis, Massachusetts 02601.

4.      Defendant Williams may be served with the Summons and Complaint through its registered agent for service of process, John P. Giffune, Esq., One Portland Square, Portland, ME 04101.

5.      Defendant Frankenmuth is an insurance company organized under the laws of the State of Michigan and authorized to transact surety business in the State of Maine, which issued the Payment Bond described below and to which SWI submitted its bond claim at 701 U.S. Route 1, Suite 1, Yarmouth, Maine 04096.

6.      Frankenmuth may be served with the Summons and Complaint through its registered agent for service of process, CT Corporation System, 3 Chase Avenue, Augusta, ME 04330.

## JURISDICTION AND VENUE

7.      Count I of this action is brought in the name of the United States for the use and benefit of SWI pursuant to the Miller Act, 40 U.S.C. §§ 3131–3134.

8.      This Court has original subject matter jurisdiction over SWI's claim on the Payment Bond pursuant to 40 U.S.C. § 3133(b)(3) and 28 U.S.C. § 1331.

9.      This Court has supplemental jurisdiction over SWI's breach of contract, unjust enrichment, quantum meruit, and Maine Prompt Payment Act claims against Williams pursuant to 28 U.S.C. § 1367, because those claims are so related to SWI's Miller Act claim that they form part of the same case or controversy.

10.      In the alternative, this Court has jurisdiction over SWI's claims against Williams under 28 U.S.C. § 1332, because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

11.      Venue is proper in this Court pursuant to 40 U.S.C. § 3133(b)(3)(B), because the prime contract and Subcontracts were to be performed and executed in this District, and pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

**a.  Waterproofing and Damp-proofing Subcontract.**

12.      Williams, as prime contractor, entered into a contract with the United States Department of Veterans Affairs (the "**VA**"), Government Prime Contract No. 36C77621C0010, for the construction of the VA Togus Specialty Care Addition project (the "**Project**") at the VA Maine Healthcare System campus in Augusta, Maine.

13.      Because the Project was a public work of the federal government, Williams, as principal, was required to furnish, and did furnish, a payment bond for the protection of persons supplying labor and materials to the Project, as required by the Miller Act, 40 U.S.C. § 3131.

3

14.    Frankenmuth, as surety, issued Payment Bond No. SUR0002923 (the "**Payment Bond**") on behalf of Williams, as principal, for the protection of all persons supplying labor and materials in the prosecution of the work provided for in the prime contract.

15.    On or about March 18, 2021, SWI and Williams entered into a written subcontract, Subcontract No. SC-014 (Job No. 2182) (the "**Waterproofing Subcontract**"), under which SWI agreed to furnish all labor, materials, and equipment for the water and damp-proofing scope of work for the Project for a firm fixed price of $438,000.00. A true and correct copy of the Waterproofing Subcontract is attached hereto as **Exhibit 1** and incorporated herein by reference.

16.    SWI furnished labor and materials for the Project under the Waterproofing Subcontract from April 5, 2021 through July 18, 2025.

17.    SWI performed all of its obligations under the Waterproofing Subcontract and satisfied all conditions precedent to payment.

18.    By letter dated September 9, 2025, Williams informed SWI that Williams's prime contract with the VA had been terminated effective July 24, 2025, and instructed SWI to submit a termination-for-convenience settlement proposal reflecting its actual direct costs, plus a markup for actual general and administrative costs, and ten percent (10%) profit.

19.    In response, SWI submitted to Williams a termination settlement proposal on Standard Form 1436 (Settlement Proposal (Total Cost Basis)), together with a Construction Bond Proof of Claim required by Frankenmuth, demonstrating that SWI is owed $135,742.00 for its work on the Project.

20.    SWI has since been informed that the VA terminated Williams's prime contract for cause rather than for convenience.

21.    SWI has demanded payment from Defendants for the amounts due under the Waterproofing Subcontract and hereby restates said demand.

22.    Despite demand, Defendants have failed and refused to pay the amounts owed to SWI under the Waterproofing Subcontract.

### b.  Fireproofing Subcontract.

23.    On or about October 15, 2019, SWI and Williams entered into an earlier written subcontract for the Project, Subcontract No. SC-2136-024 (Job No. 2136) (the "**Fireproofing Subcontract**"), under which SWI agreed to furnish all labor, materials, and equipment for the applied fireproofing scope of work (Specification Section 07-2120) for the Project for a firm fixed price of $264,646.00. A true and correct copy of the Fireproofing Subcontract is attached hereto as **Exhibit 2** and incorporated herein by reference.

24.    SWI performed and completed all of its obligations under the Fireproofing Subcontract.

25.    Williams withheld retainage from amounts otherwise due to SWI under the Fireproofing Subcontract and continues to hold retainage in the amount of $25,164.60 that is due and owing to SWI (the "**Retainage**").

26.    All conditions precedent to payment of the Retainage to SWI have been satisfied.

27.    SWI has demanded payment of the Retainage from Williams.

28.    Despite demand, Williams has failed to pay the retainage to SWI.

### COUNT I
### Claim on Payment Bond – Miller Act, 40 U.S.C. § 3133
### (Williams and Frankenmuth)

29.    SWI incorporates by reference the allegations of the preceding paragraphs as if fully restated herein.

30.    Williams, as principal, and Frankenmuth, as surety, jointly and severally issued the Payment Bond for the protection of subcontractors and suppliers furnishing labor and materials for the Project.

31.    SWI furnished labor and materials to the Project pursuant to a direct contractual relationship with Williams, the prime contractor, and is a person entitled to the protection of the Payment Bond under 40 U.S.C. § 3133(b)(1).

32.    As a subcontractor having a direct contractual relationship with the prime contractor, SWI is not required to provide the ninety-day notice described in 40 U.S.C. § 3133(b)(2).

33.    SWI last furnished labor and materials to the Project on or about July 18, 2025, and this action is brought within one year of that date, as required by 40 U.S.C. § 3133(b)(4).

34.    SWI has not been paid the sum of $135,742.00 due for labor and materials furnished to the Project within the one-year period preceding the commencement of this action.

35.    SWI has satisfied all conditions precedent to bringing suit on the Payment Bond.

36.    SWI is entitled to recover from Williams and Frankenmuth, jointly and severally, the principal sum of not less than $135,742.00, plus interest and costs, pursuant to the Payment Bond and the Miller Act.

## COUNT II
### Breach of Contract – Waterproofing Subcontract
### (Williams)

37.     SWI incorporates by reference the allegations of the preceding paragraphs as if fully restated herein.

38.     The Waterproofing Subcontract is a valid and enforceable contract between SWI and Williams.

39.     SWI fully performed all of its obligations under the Waterproofing Subcontract.

40.     Williams owes SWI not less than $135,742.00 for work performed under the Waterproofing Subcontract prior to its termination by Williams and, notwithstanding SWI's completion of its work, Williams has failed and/or refused to pay SWI.

41.     Williams's failure to pay SWI is a breach of the Waterproofing Subcontract.

42.     As a direct and proximate result of Williams's breach, SWI has been damaged in an amount not less than $135,742.00, plus interest and costs.

## COUNT III
### Breach of Contract – Fireproofing Subcontract
### (Williams)

43.     SWI incorporates by reference the allegations of the preceding paragraphs as if fully restated herein.

44.     The Fireproofing Subcontract is a valid and enforceable contract between SWI and Williams.

45.     SWI fully performed all of its obligations under the Fireproofing Subcontract.

46.     Williams owes SWI not less than $25,164.60 for unpaid retainage for work performed under the Fireproofing Subcontract and, notwithstanding SWI's completion of its work, Williams has failed and/or refused to pay SWI.

47. All conditions precedent to SWI's right to receive payment of said retainage, if any, have been satisfied.

48. Williams's failure to pay SWI is a breach of the Fireproofing Subcontract.

49. As a direct and proximate result of Williams's breach, SWI has been damaged in an amount not less than $25,164.60, plus interest, and costs.

**COUNT IV**
**Maine Prompt Payment Act, 10 M.R.S. §§ 1111–1120**
**(Williams)**

50. SWI incorporates by reference the allegations of the preceding paragraphs as if fully restated herein.

51. SWI furnished labor and materials to improve real property pursuant to its Subcontracts with Williams, and the Subcontracts are subject to the Maine Prompt Payment Act, 10 M.R.S. §§ 1111–1120.

52. Williams failed to pay SWI for the labor and materials furnished strictly in accordance with the terms of the Subcontracts, or, in the alternative, within the time required by the Maine Prompt Payment Act.

53. Williams has wrongfully withheld payment of undisputed amounts due to SWI, including the Retainage, without notice of any good-faith basis for withholding.

54. As a result of Williams's failure to comply with the Maine Prompt Payment Act, SWI is entitled to recover interest at the rate of one percent (1%) per month on all amounts wrongfully withheld, a penalty equal to one percent (1%) per month of the amounts wrongfully withheld, and reasonable attorneys' fees and expenses, in addition to all other damages due.

## COUNT V
## Unjust Enrichment
## (Williams)

55.    SWI incorporates by reference the allegations of the preceding paragraphs as if fully restated herein.

56.    This Count is pleaded in the alternative to SWI's claims for breach of contract set forth in Counts II and III.

57.    SWI conferred a benefit on Williams by furnishing labor and materials for the Project under the Waterproofing Subcontract and the Fireproofing Subcontract.

58.    Williams had knowledge of, appreciated, and accepted and retained the benefit of the labor and materials furnished by SWI.

59.    Williams has been unjustly enriched at SWI's expense by retaining the value of SWI's labor and materials without paying SWI therefor, and it would be inequitable for Williams to retain that benefit without payment.

60.    SWI is entitled to recover from Williams the reasonable value of the labor and materials furnished, in an amount to be proven at trial, plus interest and costs.

## COUNT VI
## Quantum Meruit
## (Williams)

61.    SWI incorporates by reference the allegations of the preceding paragraphs as if fully restated herein.

62.    This Count is pleaded in the alternative to SWI's claims for breach of contract set forth in Counts II and III.

63.    SWI furnished labor and materials to Williams for the Project with the reasonable expectation of being paid their reasonable value.

9

64.    Williams accepted and received the labor and materials furnished by SWI under circumstances that reasonably notified Williams that SWI expected to be compensated therefor.

65.    Williams has failed and refused to pay SWI the reasonable value of the labor and materials furnished.

66.    SWI is entitled to recover from Williams the reasonable value of the labor and materials furnished, in an amount to be proven at trial plus interest and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, SWI respectfully requests that this Court enter judgment in its favor and against Defendants as follows:

(a)    On Count I, against Williams and Frankenmuth, jointly and severally, for the principal sum of not less than $135,742.00, plus interest and costs, pursuant to the Payment Bond and the Miller Act;

(b)    On Count II, against Williams, for the sum of not less than $135,742.00, plus interest and costs;

(c)    On Count III, against Williams, for the Retainage in the amount of not less than $25,164.60, plus interest and costs;

(d)    On Count IV, against Williams, for interest and a penalty of one percent (1%) per month on all amounts wrongfully withheld, under the Fireproofing Subcontract and the Waterproofing Subcontract, together with reasonable attorneys' fees and costs, pursuant to the Maine Prompt Payment Act;

(e)    On Counts V and VI, in the alternative to Counts II and III, against Williams, for the reasonable value of the labor and materials furnished, in an amount to be proven at trial, plus interest and costs;

(f)  For such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

SWI hereby demands a trial by jury on all issues so triable, pursuant to Rule 38(b) of the

Federal Rules of Civil Procedure.

Dated at Portland, Maine this 9th day of July 2026.

Respectfully submitted,


*/s/ Aaron P. Burns*
Aaron P. Burns, Esq.
aburns@pearcedow.com

Attorney for Plaintiffs United States of America, for
the use and benefit of Standard Waterproofing, Inc.,
and Standard Waterproofing, Inc.

PEARCE, DOW & BURNS, LLP
2 Monument Sq. Ste 901
Portland, ME 04101

P.O. Box 108
Portland, ME 04112-0108
(207) 822-9900

11