UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of STANDARD WATERPROOFING, INC., and STANDARD WATERPROOFING, INC., Plaintiffs, v. WILLIAMS BUILDING COMPANY, INC., and FRANKENMUTH INSURANCE COMPANY, Defendants. | : | Case No.: 26-cv-00356-JAW |

**ANSWER AND AFFIRMATIVE DEFENSES OF**
**DEFENDANT FRANKENMUTH INSURANCE COMPANY**

Defendant **FRANKENMUTH INSURANCE COMPANY,** by its attorneys, hereby responds to the Complaint as follows:

**PRELIMINARY STATEMENT**

1. The allegations in paragraph 1 of the Complaint purport to state the facts of the case to which no response is required; to the extent a response is deemed to be required, Frankenmuth denies the allegations.

**PARTIES**

2. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. In response to paragraph 5 of the Complaint, Frankenmuth admits that it is a corporation organized and existing pursuant to the laws of the State of Michigan, has a place of business at 701 U.S. Route 1, Suite 1, Yarmouth, Maine 04096, is authorized to transact business as a surety in Maine, and executed the Payment Bond referenced in the Complaint. To the extent paragraph 5 contains any other allegations, such allegations are denied.

6. Frankenmuth admits the allegations contained in paragraph 6 of the Complaint.

## JURISDICTION AND VENUE

7. Frankenmuth neither admits nor denies the allegations contained in paragraph 7 of the Complaint and begs leave to refer all questions of law to the Court.

8. Frankenmuth neither admits nor denies the allegations contained in paragraph 8 of the Complaint and begs leave to refer all questions of law to the Court.

9. Frankenmuth neither admits nor denies the allegations contained in paragraph 9 of the Complaint and begs leave to refer all questions of law to the Court.

10. Frankenmuth neither admits nor denies the allegations contained in paragraph 10 of the Complaint and begs leave to refer all questions of law to the Court.

11. Frankenmuth neither admits nor denies the allegations contained in paragraph 11 of the Complaint and begs leave to refer all questions of law to the Court.

## FACTUAL BACKGROUND

12. Frankenmuth admits the allegations contained in paragraph 12 of the Complaint upon information and belief.

13. Frankenmuth denies the allegations contained in paragraph 13 of the Complaint except it admits that defendant Williams Building Company, Inc. ("Williams"), furnished a Payment Bond, begs leave to refer to the Payment Bond for its terms and conditions (which speak for themselves), and begs leave to refer all questions of law to the Court.

14. Frankenmuth denies the allegations contained in paragraph 14 of the Complaint except it admits that it executed Payment Bond No. SUR0002923 on behalf of Williams, as principal, in connection with the construction project that is referenced in the Complaint, and begs leave to refer to the Payment Bond for its terms and conditions (which speak for themselves).

15. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint.

16. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint.

19. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint except it admits having

received certain correspondence from plaintiff Standard Waterproofing, Inc. ("Standard"), and begs leave to refer thereto for its contents (which speak for themselves).

22. Frankenmuth denies the allegations contained in paragraph 22 except it admits that it has not made any payment to Standard.

23. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint.

25. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint.

26. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint and begs leave to refer all questions of law to the Court.

27. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint.

28. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

## COUNT I

29. Frankenmuth repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

30. Frankenmuth denies the allegations contained in paragraph 30 except it admits that it executed Payment Bond No. SUR0002923 on behalf of Williams, as principal, in

connection with the construction project that is referenced in the Complaint and begs leave to refer to the Payment Bond for its terms and conditions (which speak for themselves).

31. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint and begs leave to refer all questions of law to the Court.

32. Frankenmuth neither admits nor denies the allegations contained in paragraph 32 and begs leave to refer all questions of law to the Court.

33. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint and begs leave to refer all questions of law to the Court.

34. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the Complaint.

35. Frankenmuth neither admits nor denies the allegations contained in paragraph 35 and begs leave to refer all questions of law to the Court.

36. Frankenmuth denies the allegations contained in paragraph 36.

**COUNT II**

37. Frankenmuth repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

38. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint and begs leave to refer all questions of law to the Court.

39. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint and begs leave to refer all questions of law to the Court.

40. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 40.

41. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint and begs leave to refer all questions of law to the Court.

42. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint and begs leave to refer all questions of law to the Court.

## COUNT III

43. Frankenmuth repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

44. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and begs leave to refer all questions of law to the Court.

45. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint and begs leave to refer all questions of law to the Court.

46. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 46.

47. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint and begs leave to refer all questions of law to the Court.

48. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint and begs leave to refer all questions of law to the Court.

49. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint and begs leave to refer all questions of law to the Court.

## COUNT IV

50. Frankenmuth repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

51. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint and begs leave to refer all questions of law to the Court.

52. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint and begs leave to refer all questions of law to the Court.

53. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint and begs leave to refer all questions of law to the Court.

54. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint and begs leave to refer all questions of law to the Court.

**COUNT V**

55. Frankenmuth repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

56. Frankenmuth neither admits nor denies the allegations contained in paragraph 56.

57. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint and begs leave to refer all questions of law to the Court.

58. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 58.

59. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint and begs leave to refer all questions of law to the Court.

60. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint and begs leave to refer all questions of law to the Court.

**COUNT VI**

61. Frankenmuth repeats and reasserts each of its prior responses with the same force and effect as if set forth at length.

62. Frankenmuth neither admits nor denies the allegations contained in paragraph 62.

63. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 64.

65. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 65.

66. Frankenmuth denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint and begs leave to refer all questions of law to the Court.

**WHEREFORE,** Frankenmuth requests that the Court dismiss the Complaint and award it costs, disbursements, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES

1. The Complaint fails to state a claim upon which relief can be granted as against Frankenmuth.

2. Frankenmuth, as surety, adopts any and all defenses that its principal, Williams, has to Plaintiffs' claims.

3. Plaintiffs' claims are barred, in whole or in part, by Standard's own breach of contract.

4. Plaintiffs' claims are barred by the doctrines of setoff and recoupment.

5. Plaintiffs' claims are barred to the extent Standard failed to mitigate its damages.

6. Plaintiffs' claims are barred by expiration of the applicable limitations period.

7. Plaintiffs' claims are barred to the extent that they seek to recover amounts not covered by the Payment Bond.

8. Frankenmuth's liability under the Payment Bond, if any, is limited to the Payment Bond's penal sum less payments previously made thereunder.

Dated: August 17, 2026

*/s/ Matthew O. Altieri*
Matthew Altieri, Esq.
PIERCE ATWOOD LLP
Merrill's Wharf
254 Commercial Street
Portland, ME 04101
207-791-1100

*Attorney for Frankenmuth Insurance Company*

**CERTIFICATE OF SERVICE**

I certify that the within document was electronically filed with the clerk of the court on August 17, 2026, and that it is available for viewing and downloading from the Court's ECF system.

*/s Matthew O. Altieri*