**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| THE UNITED STATES OF AMERICA for the use and benefit of STANDARD WATERPROOFING, INC. and STANDARD WATERPROOFING, INC., | ) | |
| Plaintiffs, | ) | **Civil No. 1:26-cv-00356-JAW** |
| v. | ) | |
| WILLIAMS BUILDING COMPANY, INC. and FRANKENMUTH INSURANCE COMPANY, | ) | |
| Defendants. | ) | |

**ANSWER AND COUNTERCLAIM OF**
**DEFENDANT WILLIAMS BUILDING COMPANY, INC.**

Defendant, Williams Building Company, Inc. ("Williams") hereby answers the allegations in the Complaint of Plaintiff United States of American f//b/o Standard Waterproofing, Inc. and Standard Waterproofing, Inc. ("SWI"), as follows:

**PRELIMINARY STATEMENT[1]**

1. Williams admits that it was the prime contractor on the VA Togus Specialty Care Addition project at the United States Department of Veterans Affairs facility in Augusta, Maine, and subcontracted with Plaintiff for waterproofing and fireproofing scopes of the project. Defendants deny the remaining allegations in paragraph 1.

**PARTIES**

2. Williams is without knowledge or information sufficient to admit or deny the allegations in paragraph 2 of the Complaint and, therefore, denies the same.

[1] The headings in this Answer are adopted from the Plaintiffs' Complaint and are included for convenience of the reader. To the extent the headings in Plaintiffs' Complaint are construed against Defendants, those allegations are denied.

3. Williams admits the allegations in paragraph 3 of the Complaint.

4. Williams admits the allegations in paragraph 4 of the Complaint.

5. Williams is without knowledge or information sufficient to admit or deny the allegations in paragraph 5 of the Complaint and, therefore, denies the same.

6. Williams is without knowledge or information sufficient to admit or deny the allegations in paragraph 6 of the Complaint and, therefore, denies the same.

**JURISDICTION AND VENUE**

7. The allegations in paragraph 7 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

8. The allegations in paragraph 8 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

9. The allegations in paragraph 9 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

10. The allegations in paragraph 10 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

11. The allegations in paragraph 11 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

**FACTUAL BACKGROUND**

**a. Waterproofing and Damp-proofing Subcontract.**

12. Williams admits the allegations in paragraph 12 of the Complaint.

13. Williams denies the allegations in paragraph 13 of the Complaint except admits that it furnished a payment bond on the Project.

14. Williams denies the allegations in paragraph 14 of the Complaint except admits that Defendant Frankenmuth Insurance Company ("FIC") issued a payment bond which is a document that speaks for itself.

15. Williams admits that it entered into a subcontract with Plaintiff for waterproofing work and that the subcontract is a written instrument that speaks for itself. To the extent that the remaining allegations in paragraph 15 conflict with that written instrument, Williams denies the remaining allegations in paragraph 15 of the Complaint.

16. Williams denies the allegations in paragraph 16 of the Complaint except admits that Plaintiff furnished labor and materials for the waterproofing scope of work that were incorporated into the Project.

17. Williams denies the allegations in paragraph 17 of the Complaint.

18. Paragraph 18 of the Complaint characterizes a written instrument that speaks for itself. To the extent that the remaining allegations in paragraph 18 conflict with that written instrument, Wiliams denies the remaining allegations in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint characterizes a written instrument that speaks for itself. To the extent that the remaining allegations in paragraph 19 conflict with that written instrument, Williams denies the remaining allegations in paragraph 19 of the Complaint.

20. Williams is without knowledge or information sufficient to admit or deny the allegations in paragraph 20 of the Complaint and, therefore, denies the same .

21. Williams denies the allegations in paragraph 21 of the Complaint.

22. Williams admits that Plaintiff have demanded payment but denies that such payment is due and owing. Williams denies the remaining allegations in paragraph 22 of the Complaint.

**b. Fireproofing Subcontract.**

23. Williams admits that it entered into a subcontract with Plaintiff for the fireproofing scope of work and that the subcontract is a written instrument that speaks for itself. To the extent that the remaining allegations in paragraph 23 conflict with that written instrument, Williams denies the remaining allegations in paragraph 23 of the Complaint.

24. Williams denies the allegations in paragraph 24 of the Complaint.

25. Williams denies the allegations in paragraph 25 of the Complaint.

26. Williams denies the allegations in paragraph 26 of the Complaint.

27. Williams denies the allegations in paragraph 27 of the Complaint.

28. Williams denies the allegations in paragraph 28 of the Complaint.

**COUNT I**
**Claim on Payment Bond – Miller Act, 40 U.S.C. § 3133**
**(Williams and Frankenmuth)**

29. Williams restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. Williams denies the allegations in paragraph 30 of the Complaint except admit that Defendant FIC issued a payment bond which is a document that speaks for itself.

31. Williams denies the allegations in paragraph 31 of the Complaint except admit that Williams and SWI entered into a subcontract which is a document that speaks for itself.

32. The allegations in paragraph 32 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

33. The allegations in paragraph 33 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

34. Williams denies the allegations in paragraph 34 of the Complaint.

35. The allegations in paragraph 35 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

36. The allegations in paragraph 36 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Williams denies the allegations.

**COUNT II**
**Breach of Contract – Waterproofing Subcontract**
**(Williams)**

37. Williams restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 36 of the Complaint as if fully set forth herein.

38. Williams denies the allegations in paragraph 38 of the Complaint except admit that Williams and SWI entered into a subcontract which is a document that speaks for itself.

39. Williams denies the allegations in paragraph 39 of the Complaint.

40. Williams denies the allegations in paragraph 40 of the Complaint.

41. Williams denies the allegations in paragraph 41 of the Complaint.

42. Williams denies the allegations in paragraph 42 of the Complaint.

**COUNT III**
**Breach of Contract – Fireproofing Subcontract**
**(Williams)**

43. Williams restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 42 of the Complaint as if fully set forth herein.

44. Williams denies the allegations in paragraph 44 of the Complaint except admit that Williams and SWI entered into a subcontract which is a document that speaks for itself.

45. Williams denies the allegations in paragraph 45 of the Complaint.

46. Williams denies the allegations in paragraph 46 of the Complaint.

47. Williams denies the allegations in paragraph 47 of the Complaint.

48. Williams denies the allegations in paragraph 48 of the Complaint.

49. Williams denies the allegations in paragraph 49 of the Complaint.

**COUNT IV**
**Maine Prompt Payment Act, 10 M.R.S. §§ 1111–1120**
**(Williams)**

50. Williams restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Williams denies the allegations in paragraph 51 of the Complaint.

52. Williams denies the allegations in paragraph 52 of the Complaint.

53. Williams denies the allegations in paragraph 53 of the Complaint.

54. Williams denies the allegations in paragraph 54 of the Complaint.

**COUNT V**
**Unjust Enrichment**
**(Williams)**

55. Williams restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 54 of the Complaint as if fully set forth herein.

56. To the extent the allegations in Paragraph 56 are construed against Williams, the allegations are denied.

57. Williams denies the allegations in paragraph 57 of the Complaint.

58. Williams denies the allegations in paragraph 58 of the Complaint.

59. Williams denies the allegations in paragraph 59 of the Complaint.

60. Williams denies the allegations in paragraph 60 of the Complaint.

**COUNT VI**
**Quantum Meruit**
**(Williams)**

61. Williams restates and incorporates by reference its answers to the allegations set forth in paragraphs 1 through 60 of the Complaint as if fully set forth herein.

62. To the extent the allegations in Paragraph 62 are construed against Williams, the allegations are denied.

63. Williams denies the allegations in paragraph 63 of the Complaint.

64. Williams denies the allegations in paragraph 64 of the Complaint.

65. Williams denies the allegations in paragraph 65 of the Complaint.

66. Williams denies the allegations in paragraph 66 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims fail to state a claim for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to comply with all of the requirements of 40 U.S.C.A. §§ 3131 *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of recoupment and set-off.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because any breach of contract by Williams was preceded by Plaintiff's own breach of contract.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's complaint should be dismissed because its claims are subject to binding arbitration.

## SEVENTH AFFIRMATIVE DEFENSE

Williams shall rely upon such other and further affirmative defenses as may be necessary in light of facts and events revealed during discovery.

WHEREFORE, Defendant Williams Building Company, Inc. requests that this Court: (1) dismiss Plaintiff's claims with prejudice and award Williams its attorneys' fees, interest, and costs; and (2) award such other and further relief as this Court deems just and proper.

## COUNTERCLAIM OF DEFENDANT AND COUNTERCLAIM PLAINTIFF WILLIAMS BUILDING COMPANY, INC.

Defendant and Counterclaim Plaintiff Williams Building Company, Inc. ("Williams" or "Counterclaim Plaintiff") hereby complains against Plaintiff and Counterclaim Defendant Standard Waterproofing, Inc., ("SWI" or "Counterclaim Defendant") as follows:

## PARTIES

1. Defendant Williams is a Massachusetts corporation with its principal offices located at 259A North Street, Suite 2, Hyannis, Massachusetts 02601.

2. SWI is a Maine corporation with its principal place of business at 1020 Augusta Road, Winslow, Maine 04901.

## FACTUAL BACKGROUND

3. Williams entered into a contract (the "Prime Contract") with the U.S. Department of Veterans Affairs (the "VA") for construction of the VA Togus Specialty Care Addition (the "Project") at the VA Maine Healthcare system campus in Augusta, Maine.

4. On or about May 18, 2021, Williams entered into a subcontract (the "Waterproofing Subcontract") with SWI pursuant to which SWI was to provide labor, materials, equipment, and services for waterproofing work on the Project.

5. On or about October 15, 2019, Williams entered into a subcontract (the "Fireproofing Subcontract") with SWI pursuant to which SWI was to provide labor, materials, equipment, and services for fireproofing work on the Project.

6. Under the terms of the Waterproofing Subcontract, SWI was required to properly complete its scope of work in accordance with approved plans and specifications, and in a timely manner so as not to delay the work of the Project.

7. Under the terms of the Fireproofing Subcontract, SWI was required to properly complete its scope of work in accordance with approved plans and specifications, and in a timely manner so as not to delay the work of the Project.

8. SWI failed to perform as required under the Waterproofing Subcontract by, among other things, performing defective work and failing to complete the project in accordance with the schedule.

9. SWI failed to perform as required under the Fireproofing Subcontract by, among other things, performing defective work and failing to complete the project in accordance with the schedule.

10. In spite of Williams' repeated written and oral notices to SWI regarding SWI's failure to perform in accordance with Waterproofing Subcontract, SWI and refused to cure its breaches of contract.

11. In spite of Williams' repeated written and oral notices to SWI regarding SWI's failure to perform in accordance with Fireproofing Subcontract, SWI and refused to cure its breaches of contract

12. As a result of SWI's failure to adequately perform its obligations under the Waterproofing Subcontract, Williams was forced to repair SWI's defective work and bring in additional personnel and equipment to perform work that was supposed to be completed by SWI.

13. As a result of SWI's failure to adequately perform its obligations under the Fireproofing Subcontract, Williams was forced to repair SWI's defective work and bring in additional personnel and equipment to perform work that was supposed to be completed by SWI.

**COUNT I – BREACH OF CONTRACT**
**(Waterproofing Subcontract)**

14. Williams restates and incorporates by reference the allegations in paragraphs 1 through 13 as if fully set forth herein.

15. Williams and SWI entered into a binding Waterproofing Subcontract for performance of the work of the Project.

16. SWI's failure to properly and fully perform the work of the Subcontract as set forth herein constituted material breaches of the Subcontract.

17. As a result, Williams has incurred substantial damages including but not limited to, costs and expenses to correct SWI's work with its own forces and through other subcontractors.

18. All conditions precedent to the maintenance of this action have been performed or have occurred.

**COUNT II – BREACH OF CONTRACT**
**(Fireproofing Subcontract)**

19. Williams restates and incorporates by reference the allegations in paragraphs 1 through 18 as if fully set forth herein.

20. Williams and SWI entered into a binding Fireproofing Subcontract for performance of the work of the Project.

21. SWI's failure to properly and fully perform the work of the Subcontract as set forth herein constituted material breaches of the Subcontract.

22. As a result, Williams has incurred substantial damages including but not limited to, costs and expenses to correct SWI's work with its own forces and through other subcontractors.

23. All conditions precedent to the maintenance of this action have been performed or have occurred.

**COUNT III – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING**

24. Williams restates and incorporates by reference the allegations in paragraphs 1 through 23 as if fully set forth herein.

25. The contractual relationship between Williams and SWI is governed by the law of the Commonwealth of Massachusetts which implies in every contract a duty of good faith and fair dealing.

26. Through its failure to provide labor, materials, equipment and services that were clearly within the scope of both the Waterproofing Subcontract and the Fireproofing Subcontract, SWI has breached its duty of good faith and fair dealing.

27. As a result of SWI's breaches of its duty of good faith and fair dealing, Williams has incurred and continues to incur substantial damages.

WHEREFORE, Counterclaim Plaintiff Williams Building Company, Inc. respectfully requests that this Court: (i) enter judgment in its favor and against Counterclaim Defendant Standard Waterproofing, Inc. in an amount to be proven at trial; (ii) award Williams Building Company, Inc. its attorney's fees and costs of Court; and (iii) grant such other and further relief as this Court deems just and proper.

Dated: August 24, 2026

/s/ John P. Giffune
John P. Giffune, Esq.
Brian T. Tafel, Esq.
Attorneys for Defendant Williams
Building Company, Inc.

VERRILL DANA, LLP
One Portland Square
Portland, ME 04101-4054
(207) 774-4000
jgiffune@verrill-law.com
btafel@verrill-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ John P. Giffune*