**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** **for the use and benefit of STANDARD WATERPROOFING, INC., *et* al.,** | ) | |
| **Plaintiffs** | ) | |
| **v.** | ) | **1:26-cv-00356-SDN** |
| **WILLIAMS BUILDING COMPANY INC, et al.** | ) | |
| **Defendants** | ) | |

**SCHEDULING ORDER with incorporated Rule 26(f) Order**

In accordance with Fed.R.Civ.P. 16(b) and the Cost and Delay Reduction Plan for the District of Maine, the Court proposes this Order as the Scheduling Order in this case and hereby forwards it to counsel or unrepresented parties for consultation. Counsel and unrepresented parties shall confer as required by Fed.R.Civ.P. 26(f). Unless an objection to this Order and a proposed discovery plan are filed by September 14, 2026, the Court will conclude that the required Rule 26(f) conference has taken place and that the terms and deadlines established in this proposed scheduling order have been agreed to. An objection to this Order shall contain a detailed explanation of the reasons for each requested alteration of this Order. If no objection is timely filed, this Order shall constitute the Court's Scheduling Order under Fed.R.Civ.P. 16(b).

Track Assignment: This case has been assigned to the Standard Track. Discovery is limited to not more than 30 interrogatories per opposing side (subparts not permitted); 30 requests for admission per opposing side; 2 sets of requests for production per opposing side; and 5 depositions per side.

Subject Matter Jurisdiction: Federal Question.

Jury Trial: Demanded.

Deadline for Conference of Parties Pursuant to Fed.R.Civ.P.26(f): September 8, 2026

Deadline for Initial Disclosure Pursuant to Fed.R.Civ.P.26(a)(1): September 21, 2026

Deadline for Amendment of the Pleadings and Joinder of Parties: November 9, 2026

Plaintiffs shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by: November 9, 2026

Defendants shall designate experts required to be disclosed by Fed.R.Civ.P. 26(a)(2)(A) (including treating physicians and other non-retained or specially employed experts) and, with respect to each of them, provide a complete statement of all opinions to be expressed and the basis and reasons therefor by: December 14, 2026

If the expert is retained or specially employed to provide expert testimony in the case or the expert's duties as an employee of a party regularly involve giving expert testimony, the disclosure shall also include the other categories of information specified in Fed.R.Civ.P. 26(a)(2)(B). All required information may, but need not, be provided in the form of a written report prepared and signed by the expert.

Deadline to Complete Discovery: January 11, 2027

Counsel are advised that absent some excusable circumstance, discovery initiatives must be undertaken so that the response of the opposing party is filed prior to the discovery deadline.

Inadvertent disclosure of privileged or trial preparation material shall be governed by the principles of Federal Rule of Evidence 502, Rule 4.4B of the Maine Rules of Professional Conduct, and Local Rule 83.3(e).

Deadline to file Notice of Intent to file Motion for Summary Judgment and Need for a Pre-Filing Conference Pursuant to Local Rule 56(h): January 19, 2027

Deadline for Filing of All Dispositive Motions and All *Daubert* and *Kumho* Motions[1] Challenging Expert Witnesses with Supporting Memoranda: February 1, 2027

Expected Trial Date: This case shall be ready for trial by April 5, 2027

Further Matters in Aid of Disposition: The Plaintiffs shall make a written settlement demand upon the Defendants by December 28, 2026. Defendants shall respond in writing by January 11, 2027.

Consent to the Magistrate Judge: The parties may consent to allow the Magistrate Judge to conduct all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial as required in this case. The Magistrate Judges typically schedule the civil cases to which they are assigned for a specific trial date. If the parties consent to Magistrate Judge John C. Nivison conducting all proceedings, the parties shall complete and file the consent form attached hereto, which form can also be found on the Courts website at Forms | District of Maine | United States District Court (uscourts.gov).

So ORDERED.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated: August 25, 2026.

[1] *Daubert v. Merrell Dow Pharmaceuticals, Inc*., 509 U.S. 579 (1993); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999). Such motions shall include any challenges to lack of qualifications, scope of testimony and any other issues addressed by these decisions.

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

**UNITED STATES OF AMERICA** )
***for the use and benefit of STANDARD*** )
***WATERPROOFING, INC., et* al** )
**Plaintiffs** )
)
**v.** ) **1:26-cv-00356-SDN**
)
**WILLIAMS BUILDING COMPANY INC, et al** )
**Defendants** )

CONSENT TO A MAGISTRATE JUDGE

Understanding the right to trial before a District Judge, the parties to the above captioned civil matter additionally consent, pursuant to Fed.R.Civ.P. 73(b), to allow Magistrate Judge John C. Nivison to conduct any and all proceedings, to enter final orders and judgment, and to conduct any jury or non-jury trial as required in the instant action.

Counsel for Plaintiffs:

Date:

Counsel for Defendants:

Date:

**NOTE: Return this form to the Clerk of Court only if it has been executed by all parties in this case.**